IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KEVIN RANDALL JONES** : | **CIVIL ACTION** |
| *Plaintiff-pro se* : | |
| : | **NO. 15-5071** |
| **v.** : | |
| : | |
| **THE CITY OF PHILADELPHIA** : | |
| *Defendant* : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                                                                              MARCH 1, 2017

## MEMORANDUM OPINION

**INTRODUCTION**

By Order dated January 13, 2017, Plaintiff Kevin Randall Jones ("Plaintiff"), acting *pro se,* was ordered to file by January 31, 2017, a response to Defendant's *motion to dismiss*. [ECF 11]. The Order also advised Plaintiff that the failure to comply with the Order could result in a dismissal of this matter for failure to prosecute. (*Id.*). As of the date of this Memorandum Opinion, Plaintiff has not responded to that Order. Consequently, after carefully considering and weighing the factors set forth in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), this matter is dismissed for failure to prosecute.

**BACKGROUND**

On September 9, 2015, Plaintiff filed an application to proceed *in forma pauperis,* (the "IFP Application").[1] [ECF 1]. By Order dated September 30, 2015, [ECF 2], Plaintiff's IFP Application was granted, and his complaint was dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim against Defendant Philadelphia Prison

---

[1] This case, which was originally assigned to the Honorable Norma L. Shapiro, was initally reassigned to the calendar of the Honorable Mitchell S. Goldberg on August 8, 2016, [ECF 9], and reassigned to the calendar of the undersigned on December 20, 2016. [ECF 10].

Systems ("PPS").[2] On October 29, 2015, Plaintiff filed an amended complaint against the City of Philadelphia ("Defendant"), [ECF 4], which was served onto Defendant on June 6, 2016. [ECF 7]. On August 8, 2016, Defendant filed a motion to dismiss. [ECF 8].

Thereafter, no other docket entry or activity ensued. On January 13, 2017, this Court issued a Rule to Show Cause directing Plaintiff to, *inter alia*, show cause why his case should not be dismissed for his failure to prosecute; and was advised that if he did not respond by January 31, 2017, his case could be dismissed for lack of prosecution. [ECF 11]. Plaintiff did not respond to this Order.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 41(b) provides that an action may be dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action. *Harris v. City of Phila*., 74 F.3d 1311, 1330 (3d Cir. 1995). Because of the extreme nature of such a sanction, the Third Circuit Court of Appeals in *Poulis v. State Farm Fire and Casualty Co*., 747 F.2d 863 (3d Cir. 1984), instructed district courts to apply a six-factor balancing test to determine whether the entry of such a dismissal order is appropriate. *Id*. at 867-68.

The *Poulis* factors require district courts to consider: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary; (3) whether the party has a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness

---

[2] Plaintiff originally brought this action against PPS pursuant to 42 U.S.C. § 1983 based on the conditions of his confinement at Curran-Fromhold Correctional Facility. This Court's Order dated September 30, 2015, [ECF 2], dismissed all claims against PPS on the basis that the PPS is not a person which may be sued under § 1983. *See Burgos v. Phila. Prison System,* 760 F. Supp. 2d 502, 503 n.1 (E.D. Pa. 2011). The same Order gave Plaintiff leave to file an amended complaint within thirty (30) days.

of sanctions other than dismissal; and (6) the meritoriousness of the claim. *Id.* at 868. However, not all of the factors need weigh in favor of entering the dismissal order against a plaintiff nor need be satisfied. *See Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) ("While no single *Poulis* factor is dispositive, we have also made it clear that not all of the *Poulis* factors need be satisfied in order to dismiss a complaint."); *C.T. Bedwell & Sons, Inc. v. Int'l. Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988) (noting that the district court did not abuse its discretion where five *Poulis* factors favored dismissal). The decision to enter a dismissal order is within the district court's discretion. *Poulis*, 747 F.2d at 868.

**DISCUSSION**

As noted, it is within this Court's discretion to dismiss this case for failure to prosecute should the review and balancing of the *Poulis* factors warrant such a ruling. Therefore, this Court will briefly consider each factor to determine whether this matter should be dismissed for Plaintiff's failure to prosecute.

*1. Extent of Plaintiff's Responsibility*

Because Plaintiff is proceeding *pro se*, he alone is responsible for his failure to comply with this Court's orders. *See Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2006). His failures to comply with this Court's orders cannot be attributed to any counsel or other party. Thus, this factor weighs in favor of dismissal.

*2. Prejudice to Defendant*

Prejudice occurs when a plaintiff's failure to prosecute burdens a defendant's ability to defend against a case and/or prepare for trial. *Ware v. Roadle Press, Inc.*, 322 F.3d 218, 222-23 (3d Cir. 2003). Since filing his amended complaint on October 29, 2015, Plaintiff has not done anything to prosecute his case. Plaintiff failed to respond to Defendant's motion to dismiss *and*

3

to this Court's January 13, 2017 Order. Plaintiff's lack of interest in moving forward with this matter has prevented Defendant from obtaining relief in any way other than by dismissal of this action. Under the circumstances, this factor weighs in favor of dismissal.

### 3. Plaintiff's History of Dilatoriness

Plaintiff's dilatory conduct has been previously outlined. Since filing his amended complaint on October 29, 2015, Plaintiff has failed to communicate with the Court and/or Defendant. As stated, Plaintiff's dilatoriness is evidenced by his failure to respond to both Defendant's motion to dismiss and this Court's January 13, 2017 Rule to Show Cause Order, which advised him that his failure to respond may result in dismissal of his action. Indeed, Plaintiff has done nothing in this case since October 29, 2015, that would evidence any desire on his part to pursue this action. This factor, therefore, weighs in favor of dismissal.

### 4. Willfulness and Bad Faith Conduct

"Willfulness and bad faith can be inferred from the totality of the record." *Schutter v. Herskowitz*, 2008 WL 2726921, at *17 (E.D. Pa. July 11, 2008). The Third Circuit has stated that the "[a]bsence of reasonable excuses may suggest that the conduct was willful or in bad faith." *Roman v. City of Reading*, 121 F. App'x 955, 960 (3d Cir. 2005). Plaintiff's failure to respond to Defendant's motion to dismiss or the January 13, 2017 Order, evidences willfulness. This factor weighs in favor of dismissal.

### 5. Effectiveness of Sanctions other than Dismissal

Plaintiff's failure to respond to both Defendant's motion to dismiss and the January 13, 2016 Order has deprived this Court of the ability to fashion, if appropriate, a less severe and more moderate sanction that might ensure future compliance. In light of the procedural history of this case, Plaintiff has simply ignored both Defendant's motion and a previous Order of the

4

Court, both of which informed him that failure to respond might result in dismissal of his action. In the absence of any mitigating circumstances or offered justification for his repeated failures, Plaintiff's conduct makes it clear that any other less severe sanction would be ineffective. This factor, therefore, weighs in favor of dismissal.

### 6. *Meritoriousness of Plaintiff's Claim*

A claim is meritorious if the allegations of the pleadings would support recovery if established at trial. *Poulis*, 747 F.2d at 869-70. Given the lack of any discovery to date, and Plaintiff's failure to respond to Defendant's motion to dismiss, it is difficult to assess the merits of his claim. The Court, therefore, finds this factor neutral. *See Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir. 2002).

**CONCLUSION**

Having carefully considered and balanced each of the *Poulis* factors, this Court finds that these factors collectively weigh in favor of dismissal. As such, Plaintiff's claims are dismissed, with prejudice, for failure to prosecute. An Order consistent with this Memorandum Opinion follows.

NITZA I. QUIÑONES ALEJANDRO, J.